UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SELF STORAGE ADVISORS, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SE BOISE BOAT & RV STORAGE, LLC, an Idaho Limited Liability Company,<br><br>Defendant. | Case No. 1:18-cv-00294-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are several motions in *limine* by the parties, as well as several motions for reconsideration regarding the Court's prior rulings. *See* Dkts. 79, 80, 81, 82, 95. The motions have been fully briefed and are ripe for consideration.

## BACKGROUND

A bench trial for this matter is set for April 5, 2021. The parties have agreed to waive the demand for jury trial. Dkt. 105. Self Storage Advisors, LLC ("SSA")

MEMORANDUM DECISION AND ORDER - 1

has sued SE Boise Boat & RV Storage ("BBRV") for breach of contract, based on a Property Management Agreement signed by the parties in which SSA agreed to manage the operation of BBRV's storage facility. *See Amend. Compl.*, Dkt. 5 at ¶ 11; *Answer*, Dkt. 18 at ¶ 11. SSA seeks damages in the form of lost management fees. Dkt. 5 at ¶ 43.

## LEGAL STANDARD

There is no express authority for motions in *limine* in the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A ruling on a motion in *limine* is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

Motions in *limine* are beneficial tools that promote judicial efficiency by presenting the Court with an opportunity "to rule in advance of trial on the relevance of certain forecasted evidence . . . without lengthy argument at, or interruption of, the trial." *D.A.*, 2013 WL 12147769, at *2 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). But these pretrial evidentiary rulings are made before the court has seen or heard the challenged evidence, and they restrict a party's presentation of their case. *Id.* Thus, "courts have recognized that motions in

limine should be granted sparingly and only in those instances when the evidence plainly is inadmissible on all potential grounds." *Id.* (internal quotation marks and citation omitted).

In resolving these motions, the Court is guided by Federal Rules of Evidence 401 and 403. The Court must evaluate whether the proposed evidence is relevant—that is—whether the evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, the Court may exclude it if "its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ANALYSIS

### A. Defendant's Reserved Motions in *Limine*

Defendant previously filed several motions in *limine* but reserved them for later resolution. *See* Dkt. 67. Defendant has now re-raised those motions.[1] Dkt. 95.

#### 1. Defendant's Motion in *Limine* No. 8 re: Payments to Corinne Graham

---

[1] Defendant filed a Notice Striking Certain Motions in Limine. Dkt. 117. The only reserved motions remaining before the Court are the motions numbered 8 and 13.

BBRV asks the Court to exclude any evidence of services provided by Corinne Graham in her capacity as an architect or engineer in support of the construction project, on the grounds that it would be prejudicial under Federal Rule of Evidence 403. *See* Dkt 59-1 at 18-19. SSA agrees that this evidence is not relevant to the case, as currently anticipated. The Court is mindful, however, that evidence which seemed irrelevant or precluded by Rule 403 in advance of trial may become very relevant after the trial begins and the dynamic of the trial unfolds differently than the Court could anticipate. For that reason, the evidence will be precluded for now, but without prejudice to a motion to reconsider by SSA should circumstances at trial justify such a motion.

## 2.  Defendant's Motion in *Limine* No. 13 re: Hearsay

BBRV next asks the Court to instruct Jay Graham that hearsay testimony is inadmissible at trial. Dkt. 59-1 at 20. BBRV argues that Graham "has manifested an inclination to resort to hearsay testimony and should be instructed in advance that such testimony is inadmissible under our rules." Dkt. 61 at 10. The Court declines to issue an order specifically instructing one witness that hearsay testimony is inadmissible. The rules of evidence are equally applicable to all parties and witnesses. Any hearsay evidence that is sought to be admitted can be dealt with accordingly by the Court at trial.

### B.  Defendant's Supplemental Motion re: Prior Ruling Regarding

### Revised Property Management Agreement

BBRV argues that the Court should reconsider its prior ruling excluding evidence surrounding the creation and existence of the revised property management agreement. Dkt. 95; *see also Memorandum Decision and Order*, Dkt. 78 at 11-12. In responding to SSA's third motion in *limine*, BBRV initially failed to adequately explain how the revised PMA was relevant to any of its affirmative defenses. *See Memorandum Decision and Order*, Dkt. 78 at 11-12. BBRV has done so now.

First, the Court finds that BBRV has substantially complied with the requirements of Idaho Local District Civil Rule 7.1 in its brief, Dkt. 95, which contains one paragraph addressing previously reserved motions and uses the rest of the brief to address the motion to reconsider. The Court declines to exercise its discretion under Rule 7.1(e) to deem BBRV's motion to be waived.

Turning to the merits of BBRV's motion, the Court is persuaded that the circumstances surrounding the revised property management agreement may be relevant to BBRV's seventh affirmative defense that "Plaintiff's claims are barred by breach of contract." Dkt 18 at 9. The revised agreement may also be relevant to BBRV's argument that SSA breached its express and implied obligations under the contract, and to BBRV's argument that "SSA did not perform its contract obligations in good faith and fair dealing." Dkt. 113 at 5.   While the probative

value of that evidence may be quite limited, the parties' decision to waive their right to a jury trial removes the concern that its probative value may be outweighed by any confusion it may create and delay it may cause.  Fed. R. Evid. 403.

SSA's claim that BBRV forfeited the right to claim material breach by "disregard[ing] the provision of the operative Property Management Agreement governing termination," *see* Dkt. 97 at 5, is an issue to be determined at trial.

Accordingly, because BBRV has adequately demonstrated that the revised property management agreement is arguably relevant to its case, the Court will grant BBRV's motion to reconsider the Court's ruling on Plaintiff's motion in *limine* number 3 and will permit the presentation of evidence regarding the revised agreement.

C. **Plaintiff's Motions in *Limine***

1. **Plaintiff's Motion in *Limine* No. 5 re: Lay Opinion Evidence for Calculation of Management Fees**

SSA first asks the Court to preclude BBRV from presenting lay opinion evidence on the calculation of management fees allegedly owed to SSA under the property management agreement. Dkt. 79.

Neither party disputes that BBRV did not disclose any expert witnesses and is limited to presenting only lay witness testimony at trial.

The federal rules of evidence provide that a witness may testify to matters

for which the witness has personal knowledge. Fed. R. Evid. 602. Further, under Federal Rule of Evidence 701, lay witness opinion testimony is permitted if the opinions are: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Members of BBRV may testify about matters for which they have personal knowledge, including the management fee terms under the property management agreement and any prior payments made to SSA under the agreement. To the extent that BBRV seeks to elicit witness testimony based on "simple monthly calculations," such as adding together monthly fees as they are provided in the property management agreement, the testimony will likely be admissible. Dkt. 102 at 4.

However, any testimony that attempts to contradict SSA's expert witness's calculations or that attempts to calculate damages using any economic models similar to those utilized by SSA's expert, including present value calculations, goes beyond the scope of lay witness testimony and will be inadmissible. *See Vasquez v. City of Idaho Falls*, No. 4:16-cv-00184-DCN, 2020 WL 1860394, at *5 (D. Idaho Apr. 13, 2020) ("While lay witnesses may testify to elementary mathematical

operations under Rule 701, such as taking a simple average of several numbers, testifying regarding results based on more sophisticated economic models is not appropriate under Rule 702.").

Accordingly, the Court will grant SSA's motion to the extent that BBRV is precluded from eliciting any lay witness testimony regarding management fees that employs calculations beyond "elementary math operations."

### 2. Plaintiff's Motion in *Limine* No. 6 re: July 2, 2018 Letter

SSA's sixth motion in *limine* initially asked the Court to exclude the July 2, 2018 letter sent from BBVR's counsel to SSA. Dkt. 80. It appears that the parties have now agreed to the admission of a redacted version of the July 2, 2018 letter provided by BBRV as Exhibit A to their opposition memorandum. *See Ex. A*, *Def. Opposition*, Dkt. 100 at 8-13; *Pl. Reply*, Dkt. 100. Accordingly, the Court will dismiss this motion as moot.

### 3. Plaintiff's Motion in *Limine* No. 7 re: Rule 408 Communications

SSA's motion in *limine* number 7 asks Court to exclude certain communications as inadmissible settlement negotiations under Federal Rule of Evidence 408. Dkt. 81. SSA has withdrawn its objection to the admission of the May 8, 2018 letter, but has requested that the phrase, "or brokering any sale of the property" is redacted from the letter, as it relates to the revised property

management agreement. Dkt. 111 at 1-2. The Court already determined, however, that evidence of the revised property management will be admissible. Accordingly, the May 8, 2018 letter will be admitted without redaction. As discussed above, SSA has also withdrawn its objection to the redacted version of the July 2, 2018 letter. Dkt. 111 at 2.

The only remaining issue before the Court is the admissibility of BBRV's exhibit 2047, an email dated May 9, 2018 from SSA counsel to BBRV member Eric Updyke. To the extent that SSA seeks to exclude the revised property management agreement attached to the email, the Court has already resolved this issue and determined that the revised property management agreement will be admissible. To the extent that SSA seeks to exclude the email itself as a protected compromise negotiation, the Court will decline to rule on that without seeing the evidence. Accordingly, the motion is denied without prejudice to a motion by SSA to re-raise the issue at trial.

### D. Plaintiff's Motion to Reconsider the Court's Limitation of Damages to 23 Months

Finally, Plaintiff asks the Court to reconsider its ruling limiting SSA's potential damages to a maximum of 23 months—the time between BBRV's alleged breach in July 2018 and the June 2020 filing of SSA's state court action seeking to judicially dissolve BBRV.

**MEMORANDUM DECISION AND ORDER - 9**

SSA correctly asserts that pursuant to Idaho Code § 30-25-701(a)(4), a limited liability company such as BBRV is not dissolved until the district court enters an order dissolving the company. Thus, BBRV is not yet dissolved.

However, the Court is still not persuaded by SSA's assertion that it is entitled to management fees for an unspecified amount of time, with damages only ceasing to accrue if and when the state court judicially dissolves BBRV. As the Court noted in its February 3rd order, SSA cannot seek judicial dissolution of and dissociation from BBRV, while simultaneously arguing, to BBRV's detriment, that they would have received management fees into the future but for BBRV's breach. *See Memorandum Decision and Order*, Dkt. 78 at 7-8. Accordingly, SSA's motion for reconsideration will be denied.

## ORDER

IT IS ORDERED that:

1. BBRV's Motion in *Limine* No. 8 (Dkts. 59, 95) is **GRANTED**.

2. BBRV's Motion in *Limine* No. 13 (Dkts. 59, 95) is **DENIED**.

3. BBRV's Exception and Request for Reconsideration of Prior Ruling Regarding Revised Property Management Agreement (Dkt. 95) is **GRANTED**.

4. SSA's Motion in *Limine* No. 5 (Dkt. 79) is **GRANTED**.

5. SSA's Motion in *Limine* No. 6 (Dkt. 80) is **DISMISSED as MOOT**.

6.      SSA's Motion in *Limine* No. 7 (Dkt. 81) is **DENIED**.

7.      SSA's Motion for Reconsideration of Decision on Defendant's Motion in *Limine* No. 2 (Dkt. 82) is **DENIED**.

DATED: April 2, 2021

B. Lynn Winmill
U.S. District Court Judge