UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SELF STORAGE ADVISORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SE BOISE BOAT & RV STORAGE, LLC,<br><br>Defendant. | Case No. 1:18-cv-00294-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are five motions[1], each of which pertain to Plaintiff's and Defendant's cross-motions for attorney's fees and costs. The motions are fully briefed. For the reasons set forth below, the Court will deny Defendant's motions for attorney fees and costs; and deny Plaintiff's motion for attorney fees and

---

[1] The motions before the Court are Defendant's Motion to Reopen Case for Completion of District Local Rule Civ. 54.2 (Dkt. 135); Defendant's Motion for Attorneys' Fees (Dkt. 133); Defendant's Motion for Costs (Dkt. 134); Plaintiff's Motion for Attorney Fees (Dkt. 137); and Plaintiff's Motion to Strike Defendant's Reply Memorandum in Support of Motion for Costs (Dkt. 143). Plaintiff also filed a Bill of Costs (Dkt. 136) which is addressed here.

request to tax costs, and deny as moot Plaintiff's motion to strike.

## BACKGROUND

Plaintiff Self Storage Advisors, LLC brought this action against SE Boise Boat & RV Storage asserting two counts of breach of contract. Count I alleged breach of a property management agreement, referred to as the "First Agreement," and sought damages in the form of management fees. Count II alleged that the First Agreement was modified, resulting in a Second Agreement. SSA claimed, in the alternative, that BBRV breached the Second Agreement and sought as damages the same management fees as Count I plus brokerage fees for the prospective sale of the property that was the subject of the contracts.

In April of 2019, the Court granted in part Defendant's motion for partial summary judgment, finding that there was no consideration for the purported modification of the First Agreement. As a result, Count II was dismissed. This matter was set for trial on April 5, 2021.

Following extensive pretrial motions practice, the parties settled the case the day before trial was scheduled to begin. A stipulated judgment was entered in favor of SSA and against BBRV in the amount of $25,000. The parties retained the right to petition and contest entitlement to attorney fees and costs. Both SSA and BBRV subsequently filed cross-motions for attorney fees and costs. Additionally,

SSA filed a motion to strike BBRV's reply in support of its motion for costs. As explained below, the Court finds that neither party prevailed in this action, therefore, neither party is entitled to attorney fees or costs, and the motion to strike is moot.

## LEGAL STANDARD

Jurisdiction in this suit is based on diversity of citizenship under 28 U.S.C. § 1332, therefore the right to attorney fees and the method of calculating the fees is governed by state law. See *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Idaho, attorneys' fees may be awarded if authorized by either contract or statute. Idaho R. Civ. P. 54(e)(1) (authorizing the award of reasonable attorney fees to the prevailing party in a civil action when provided for by statute or contract); *see also Stibal v. Fano*, 157 Idaho 428, 435, 337 P.3d 587 (Idaho 2014) ("Attorney fees may be awarded if authorized by statute or contract."). Here, both parties claim they prevailed in this action, thus entitling them to attorney fees and costs pursuant to the First Agreement. Plaintiff also claims entitlement to attorneys' fees under Idaho Code § 12-120(3), which mandates an award of attorney fees to the prevailing party in an action to recover on a commercial transaction. I.C. § 12-120(3); *Shore v. Peterson*, 146 Idaho 903 (2009).

Neither the management agreement nor Idaho Code § 12-120(3) defines "prevailing party." Therefore, the Court, in deciding which party prevailed under Idaho law, must turn to Idaho Rule of Civil Procedure 54(d)(1)(B), which provides that:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

The determination of the prevailing party in an action is up to the sound discretion of the trial court. *Shore*, 146 Idaho at 914. "[T]he district court is not required to simply award attorney fees to any party who obtained a monetary judgment. *Burns v. County of Boundary*, 120 Idaho 623, (Id. Ct. App. 1990). "[T]he court is allowed to consider the presence and absence of awards of affirmative relief and determine which party, on balance, prevailed in the action."

MEMORANDUM DECISION AND ORDER - 4

*Id.* "[If] both parties are partially successful, 'it is within the court's discretion to decline an award of attorney fees to either side.'" *Crump v. Bromley,* 148 Idaho 172, 174 (2009) (quoting *Shore v. Peterson*, 146 Idaho 903, 914 (2009).

## ANALYSIS

Pursuant to the stipulated judgment entered in this case, both parties reserved the right to petition the Court for attorney fees and costs. Predictably, the parties disagree on which party prevailed and both filed motions requesting an award of attorney fees and costs. Consequently, the Court must determine which party prevailed in the action.

Idaho Rule of Civil Procedure 54(d)(1)(B) instructs courts to consider not only the result, but also the issues and claims involved in the action to determine the prevailing party.[2] The Amended Complaint contained two counts of breach of contract. Each related to a separate contract. In Count I, the Plaintiff asserted that

_____

[2] This standard applies regardless of the number of claims asserted in the action. In *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving,* the Idaho Supreme Court explained that it is a party who prevails *in the action*—not as to a single claim—that must be awarded attorney fees and costs under Idaho Code § 12-120. 141 Idaho 716, 719 (2005) (emphasis added). "The prevailing party question is examined and determined from an *overall view*, not a claim-by-claim analysis" when multiple claims and counterclaims are at stake. *Id.* Thus, a careful reading of the case reveals that the question the court answered in *Eighteen Mile Ranch* was *who* was entitled to fees under the statute—not *how* to decide the prevailing party—when multiple claims and counterclaims are at stake. *Id.* Therefore, the correct standard for determining the prevailing party remains the one set forth in Rule 54. Accordingly, the Court finds it is not necessary to determine the number of claims in this action.

Defendant breached the parties' First Agreement and claimed damages in the form of management fees. In Count II, Plaintiff asserted a claim for breach of the purported Second Agreement and claimed damages in the form of management fees plus brokerage fees. Ultimately, the primary issues before the Court in this matter were (1) whether the parties' original property management agreement was modified and thus allowed Plaintiff to pursue a claim for brokerage fees under Count II; and (2) whether the Defendant breached the operative property management agreement as alleged in Count I.

Defendant prevailed on the first issue at summary judgment. Defendant filed a motion for partial summary judgment as to Plaintiff's claim that the original property agreement was modified. The Court ruled in Defendant's favor, finding that the proposed modification lacked consideration. This resulted in the dismissal of Count II, and consequently, the claim for brokerage fees. As a result, Defendant successfully avoided all liability as to Count II.

On the second issue, Plaintiff prevailed under a settlement agreement. After summary judgment, only Plaintiff's claim for breach of contract, as pled under Count I, remained. On the eve of trial, the parties reached a settlement and stipulated to entry of judgment in favor of Plaintiff and against Defendant in the amount of $25,000. Thus, Plaintiff recovered damages and obtained a favorable

judgment as to Count I.

"In litigation, avoiding liability is as good for a defendant as winning a monetary judgment is for a plaintiff." *Eighteen*; 141 Idaho at 719. Thus, the Court finds that each party prevailed on one count contained in the Amended Complaint. Since both parties were partially successful, the Court will not award fees or costs to either side, and instead order that each of the parties must bear their respective attorney fees and costs. *See Israel v. Leachman*, 139 Idaho 24, 27 (2003). Based on this determination, the Court finds that Plaintiff's Motion to Strike Defendant's Reply Memorandum in Support of Motion for Costs is moot.

**ORDER**

**IT IS ORDERED that:**

1.  Defendant's Motion to Reopen Case (Dkt. 135) is **GRANTED** for the limited purpose of ruling on the cross-motions for attorney fees and costs**.**

2.  Defendant's Motion for Attorneys' Fees (Dkt. 133) is **DENIED.**

3.  Defendant's Motion for Costs (Dkt. 134) is **DENIED.**

4.  Plaintiff's Motion for Attorney Fees (Dkt. 137) is **DENIED**.

5.  Plaintiff's request to tax costs (Dkt. 136) is **DENIED.**

6.  Plaintiff's Motion to Strike (Dkt. 143) is **MOOT**.

7.      Each party shall bear its own attorney fees and costs.

8.      The Clerk is directed to close this case.

DATED: September 4, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**