UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SELF STORAGE ADVISORS, LLC, a Washington Limited Liability Company,<br><br>     Plaintiff,<br>  v.<br><br>SE BOISE BOAT & RV STORAGE, LLC, an Idaho Limited Liability Company,<br><br>     Defendant. | Case No. 1:18-cv-00294-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff's Motion for Attorneys' Fees and Entry of Amended Judgment (Dkt. 163). The motion is fully briefed, and the Court finds that oral argument would not significantly assist the decisional process. Having thoroughly reviewed the pleadings and being familiar with the record, the Court will grant the motion and award attorney fees and costs in the amount of $151,953.08.

# BACKGROUND

Plaintiff Self Storage Advisors, LLC ("SSA") brought this action against SE Boise Boat & RV Storage ("BBRV") asserting two counts of breach of contract.

MEMORANDUM DECISION AND ORDER - 1

Count I alleged breach of a property management agreement, referred to as the "First Agreement," and sought damages in the form of lost management fees. Count II alleged that the First Agreement had been modified, resulting in a Second Agreement, and that BBRV had breached the Second Agreement. As damages for Count II, SSA sought the same management fees as under Count I plus brokerage fees for the prospective sale of the property that was the subject of the contracts.

In November of 2019, the Court partially granted BBRV's motion for partial summary judgment and held that there was no consideration for the purported modification of the First Agreement. Dkt. 57. Count II was therefore dismissed, and the Court set trial on Count I. Extensive pretrial motion practice followed and, just before trial was set to begin, the parties settled. Dkt. 132. Under the settlement, the parties stipulated to entry of a $25,000 judgment in favor of SSA, with both parties reserving the right to seek attorney fees and costs. Both SSA and BBRV subsequently filed motions for attorney fees and costs. Dkts. 133, 134, 136 & 137.

On September 4, 2021, this Court issued a Memorandum Decision and Order ("Fee Order") denying both motions for attorney fees. Dkt. 148. The Court explained that BBRV had successfully defended against Count II and SSA had successfully obtained a judgment on Count I, so "both parties were partially successful" and therefore "each of the parties must bear their respective attorney fees and costs." Dkt. 148.

The parties cross-appealed the Fee Order and, on November 17, 2022, the Ninth Circuit issued an order reversing and remanding. Dkt. 160. It explained that this Court had used the incorrect legal standard in determining that "each party prevailed on one count" of the Amended Complaint, because "BBRV did not bring any counterclaims." *Id.* at 2. Put another way, the Ninth Circuit held that BBRV did not become a prevailing party merely by defending against one alternative theory of liability. Although SSA's Amended Complaint alleged two counts, both rested on one underlying claim for breach of contract. Thus, by obtaining a favorable judgment on that underlying claim, SSA became the prevailing party. *Id.* at 2. BBRV, on the other hand, "was not a prevailing party despite successfully eliminating an alternative claim." *Id.* at 3.

After prevailing in the Ninth Circuit, SSA moved that court for an award of attorney fees incurred on appeal. The Ninth Circuit granted that motion. Dkt. 162. However, because it was already remanding the case to this Court to award appropriate fees "for work in the district court," the Ninth Circuit instructed this Court to also "determine the amount to be awarded as fees on appeal." Dkt. 162 at 1–2.

After this case was remanded, SSA filed a new Motion for Attorney Fees and Entry of Amended Judgment (Dkt. 163) seeking $111,312.50 in attorney fees and $2,195.58 in costs for the initial district court litigation, $24,460.00 in attorney fees

for work on the appeal, and $17,607.50 for work preparing and defending its two fee requests. Dkt. 163, at 5–6. When added to the original judgment of $25,000, SSA seeks a total amended judgment of $180,575.58.

## FEES AND COSTS BEFORE THE DISTRICT COURT

**1.    SSA's Entitlement to Attorney Fees**

This Court previously determined that the First Agreement between the parties authorizes an award of reasonable attorney fees to the prevailing party in this action. *See Memo. Decision & Order* at 3, Dkt. 148. And, as the Ninth Circuit held on appeal, SSA was the only prevailing party in this action. Dkt. 160. SSA is therefore entitled to an award of reasonable attorney fees. The only task remaining is to determine what that means in this case.

**2.    Amount of the Fee Award**

The reasonableness of attorney fee awards is within the Court's discretion. *Burns Concrete, Inc. v. Teton County,* 168 Idaho 442, 462 (2020). However, courts must consider several specific factors in analyzing what is reasonable in a given case:

> (A)   the time and labor required;
> (B)   the novelty and difficulty of the questions;
> (C)   the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
> (D)   the prevailing charges for like work;
> (E)   whether the fee is fixed or contingent;
> (F)   the time limitations imposed by the client or the circumstances

        of the case;
- (G) the amount involved and the results obtained;
- (H) the undesirability of the case;
- (I) the nature and length of the professional relationship with the client;
- (J) awards in similar cases;
- (K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
- (L) any other factor which the court deems appropriate in the particular case.

Idaho Rule of Civil Procedure 54(e)(3).

The Court need not address every factor listed in Rule 54(e)(3). *Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 157 Idaho 732, 742 (2014). Indeed, certain factors may carry negligible weight in some cases. *Boel v. Stewart Title Guar. Co.,* 137 Idaho 9, 16 (2001). At the same time, the Court must not give any "one factor undue weight or emphasis." *Yellowstone Poky, LLC v. First Pocatello Assocs., L.P.*, No. 4:16-CV-00316, 2020 WL 5790385, at *3 (D. Idaho Sept. 28, 2020) (citing *Nalen v. Jenkins*, 763 P.2d 1081, 1083 (Idaho Ct. App. 1998)).

BBRV argues that factors (A), (B), (C), (G), and (L) of Rule 54(e)(3) support denying or substantially reducing SSA's fee request.[1] The Court will

---

[1] SSA argues that BBRV's objections are untimely under District of Idaho Local Rule 54.2(c), which requires that any objection to a fee request be filed within twenty-one days after the fee request is filed. While SSA filed its original fee request on May 25, 2021, it filed another fee request on February 17, 2023, after the Ninth Circuit remanded the case back to this Court. BBRV filed its response to that motion twenty-one days later, on March 10, 2023. BBRV's objections are therefore timely and will be considered.

address each factor, in turn.

## A.   Time and Labor Required (Factor A)

BBRV asserts that all of SSA's legal fees were "unnecessarily and unreasonably incurred" because SSA "could have recovered the same or more without any litigation." *Def.'s Resp.* at 5, Dkt. 167. BBRV explains it "was always willing to settle this matter at a reasonable sum," but SSA resisted all settlement offers until the "brink" of trial. *Id.* at 2. If SSA had just settled the matter sooner, BBRV's insists, it could have avoided most or all of its attorney fees.

BBRV's line of reasoning is flawed. This kind of Monday-morning-quarterbacking is unfair. Hindsight is always 20-20, and it is far too easy to deem SSA's tactical decisions "unnecessary" after the fact. As SSA explains, prior to April 1, 2021, BBRV had only expressed a willingness to engage in "global" settlement discussions that would comprehensively resolve a range of legal disputes among a wider group of interested parties. *Pl.'s Reply* at 5, Dkt. 168. Moreover, according to SSA, those prior settlement offers would have barred SSA from seeking to recover its attorney fees which, as the record reflects, were substantial. *Lloyd Decl.* ¶ 15, Dkt. 140-1. It is therefore not as simple as SSA refusing to settle until the eve of trial. And the Court will not at this late stage take up the impossible task of assigning blame for the delay in arriving at a settlement.

In sum, after reviewing the record, the Court finds that SSA's attorneys

spent a reasonable amount of time and labor litigating this case, which lasted almost three years and involved discovery disputes, settlement negotiations, trial preparation, and significant pre-trial motion practice. This factor therefore supports SSA's fee request.

### B. Novelty of Issues (Factor B) and Experience/Ability Required (Factor C)

Next, BBRV points out that this was a straightforward breach of contract case not involving novel questions that require special skills or experience.[2] SSA agrees, but notes that its attorneys' timesheets reflect that fact. The Court agrees that this case was not particularly complicated, but also agrees that the timesheets reflect that fact. BBRV has not identified any billing entries that are unreasonable given the uncomplicated nature of this case. *See* District of Idaho Local Civil Rule 54.3 ("The responding party must set forth specific grounds of objection."). Nor has the Court, after carefully reviewing the timesheets, identified any unreasonable entries. These factors carry negligible weight in this case.

### C. Amount Involved and Results Obtained (Factor G)

BBRV makes two arguments under Factor G. First, it emphasizes the disparity between the amount SSA originally sought and the amount it obtained

---

[2] It is worth noting that BBRV previously argued that its own attorney fees of $181,130 were reasonable considering the contentiousness of this litigation. *Memo. in Supp.*, Dkt. 134-1. The Court is therefore somewhat skeptical of BBRV now taking the position that this was a straightforward case not requiring substantial legal fees.

MEMORANDUM DECISION AND ORDER - 7

through the settlement. *Def.'s Resp.* at 7, Dkt. 167. Valuing SSA's original claim at around one-million dollars, BBRV concludes that SSA only obtained two percent of what it originally sought. In response, SSA objects to BBRV's assertion that SSA "sought" one-million dollars in this lawsuit. That is, BBRV "improperly conflat[es] SSA's 'claim' in this case with SSA's expert's calculation of the potential damages that a jury could entertain for a menu of different time periods." *Pl.'s Reply* at 8, Dkt. 168.

The Court agrees with SSA and rejects BBRV's use of the one-million-dollar figure to compare the amount sought and the amount obtained. Ultimately, BBRV's calculation—which uses one point along a continuum of potential jury awards that SSA's expert believed possible—does not accurately reflect SSA's success in this lawsuit. [3]

Next, BBRV argues more generally that SSA achieved only limited success because the Court summarily dismissed one of its primary theories of recovery. SSA responds, with tongue in cheek, that it "recovered exactly what it sought to

---

[3] As plaintiff's counsel, Thomas J. Lloyd II, previously explained: "[T]he amount involved in the case was based upon a factor of a monthly management fee, multiplied by whatever number of months the trier of fact ultimately determined would reasonably compensate SSA for the damages it suffered as a result of BBRV's breach of the contractual relationship. I therefore requested that SSA's expert, Mr. Keith Pinkerton, provide a running tally of possible damages, such that the trier of fact (at that time, the jury) would be able to select from a "menu" of the damage assessment, understanding that the jury was likely to select a figure on the lower end of that scale given the acrimony between the parties and the unlikelihood that the jury would foresee a long relationship between the parties even without BBRV's material breach." *Lloyd Decl.* ¶ 11, Dkt. 137-2.

recover when it initiated this litigation." *Pl.'s Reply* at 8, Dkt. 168. But frankly, that is a dubious statement given that the settlement amount was well below even the minimum amount-in-controversy necessary to invoke diversity jurisdiction in federal court.[4]

To be sure, it is well-established in Idaho that an attorney fee award is not unreasonable simply because it is disproportionate to the amount of the judgment. *Action Collection Serv., Inc. v. Black*, Case No. 47864, 2021 WL 3891751, at *5 (Idaho Ct. App. Sept. 1, 2021) (citing *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16 (2002)); *Meldco, Inc. v. Hollytex Carpet Mills, Inc.*, 118 Idaho 265, 271, 796 P.2d 142, 148 (Idaho Ct. App. 1990) ("Rule 54(e)(3) nowhere indicates that the amount of an attorney fee award must be proportionate to the size of the damages award."). Nevertheless, the results obtained by a prevailing party are an appropriate consideration for courts analyzing fee awards.

Although SSA was the prevailing party in this case, its success was limited. Notably, in November of 2019, the Court granted BBRV partial summary judgment and dismissed Count II of SSA's Amended Complaint, foreclosing its pursuit of brokerage fees. Dkt. 57. Then, in February of 2021, the Court granted BBRV's motion in limine and limited SSA's potential recovery of management

---

[4] The Court references the amount-in-controversy requirement for diversity jurisdiction for the sole purpose of illustrating that the results obtained were less than originally envisioned.

fees to a maximum timeframe of twenty-three months. Dkt. 78. These two rulings paved the way for a stipulated judgment well below the jurisdictional threshold and below any of SSA's prior damage valuations. Ultimately, the Court concludes that SSA's limited success does bear on the reasonableness of its fee request.

Thomas J. Lloyd III billed approximately 22.2 hours for work opposing BBRV's motion for partial summary judgment. Dkt. 137-3. Reducing those hours by one-half, or 11.1 hours, appropriately reflects the impact of losing summary judgment on the results that SSA ultimately obtained. Multiplying 11.1 hours by Mr. Llyod's rate of $225 results in a $2,497.50 reduction to the fee award.

### D.    Other Factors

The Court has considered all the remaining factors set forth in Rule 54(e)(3) and concludes that each has a negligible effect on the reasonableness of SSA's fee request.

### E.    Conclusion

The Court has considered all twelve factors outlined in Rule 54(e)(3) and finds that SSA is entitled to an award of attorney fees and costs for work performed in the district court in the amount of $111,010.58.[5]

## FEES AND COSTS ON APPEAL

---

[5] Calculated as follows: $111,312.50 (fees before district court) *plus* $2,195.58 (costs before district court), *minus* $2,497.50 (fee reduction), *equals* $111,010.58.

The Ninth Circuit granted SSA's motion for attorney fees for work on the appeal but tasked this Court with determining "the amount to be awarded." Dkt. 162. BBRV did not contest the reasonableness of SSA's fees for work on the appeal. Having carefully reviewed counsel's timesheets, the Court finds the fees reasonable except as to counsel's travel time. *See* 9th Cir. No. 21-35837, Dkt. 47-4.

Travel time is reasonably compensated at normal hourly rates if such is the custom in the relevant legal market. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) *vacated on other grounds by*, 984 F.2d 345 (9th Cir.1993). Idaho courts generally award fees for attorneys' travel time only as a sanction. *Id.*; *Portfolio Recovery Assoc., LLC v. Ruiz*, No. 42982, 2015 WL 6441722, at *4 (Idaho Ct. App. Oct. 23, 2015). The Court will therefore deduct $1,125.00, which is the amount Mr. Lloyd billed for travel time.

After deducting travel time, the Court will award SSA $23,335.00 in attorney fees for work before the Ninth Circuit.

## FEES FOR PREPARING FEE REQUESTS

SSA also seeks an award of fees for time spent preparing its (1) pre-appeal attorney fee request and opposition to BBRV's fee request, and (2) attorney fee request filed in the Ninth Circuit. The attorney fee provision of the First Agreement between SSA and BBRV broadly entitles the prevailing party in any "legal action" arising from the contract to "all costs, expenses and fees (including

reasonable attorney fees) incurred by it in such litigation (including appeals)." Dkt. 163-4, *Ex. B*. Construing that language in its "plain, ordinary and proper sense," *C & G, Inc. v. Rule*, 135 Idaho 763, 765 (2001), the Court concludes that SSA is entitled to recover its attorney fees for time spent preparing its fee requests, because those fees were "incurred by it in [this] litigation." Dkt. 163-4, *Ex. B*.

Having reviewed the record and counsel's timesheets, the Court finds that the fees are reasonable and will therefore award SSA $17,607.50 for fees incurred preparing fee motions and defending against BBRV's fee request.

## ORDER

**IT IS ORDERED THAT** Plaintiff's Motion for Attorneys' Fees and Entry of Amended Judgment (Dkt. 163) is **GRANTED in part and DENIED in part.** The Motion is **GRANTED** as plaintiffs are awarded $151,953.08 in fees and costs. The Motion is **DENIED** to the extent it seeks additional fees and costs.

DATED: June 2, 2023

_____
B. Lynn Winmill
U.S. District Court Judge